UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | **Case No.: 2:23-cr-227-MHH-GMB** |
| } | |
| **DENNIS DEWAYNE DOTHARD,** } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION AND ORDER

Defendant Dennis Dewayne Dothard is charged in this case with Hobbs Act Robbery under 18 U.S.C. § 1951(a), with brandishing a firearm during that robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and with knowingly possessing a firearm after his previous convictions as a felon in three or more cases involving violent felonies in violation of 18 U.S.C. § 922(g)(1) and 924(e).  (Doc. 4).  Mr. Dothard has asked the Court to dismiss the charges against him pursuant to the Speedy Trial Act.  Alternatively, he asks the Court to dismiss the armed career criminal/felon in possession charge in count three of the indictment based on an alleged due process violation.  (Doc. 11).  The Court considers these requests in turn.

For his speedy trial argument, Mr. Dothard notes that he has been in custody on the charges against him for more than three years.  Initially, Mr. Dothard was arrested on March 4, 2020 pursuant to a federal complaint for an alleged violation

1

of 18 U.S.C. § 922(g); he was indicted on robbery and brandishing charges on May 28, 2020 in Case No. 20-cr-147-MHH-GMB.  Mr. Dothard was not charged as a felon in possession under 18 U.S.C. § 922(g) in the 2020 indictment.  (Case No. 20-cr-147-MHH-GMB, Doc. 1).  The complaint and the indictment in the 2020 case pertain to the conduct at issue in this case – an alleged armed robbery of a Shell service station on January 13, 2020.

The Court granted Mr. Dothard's motion to dismiss the charges in the 2020 case for a Speedy Trial Act violation.  (Case No. 20-cr-147-MHH-GMB, Doc. 65).  After examining the circumstances surrounding the statutory violation, on June 5, 2023, the Court dismissed the 2020 case without prejudice.  (Case No. 20-cr-147-MHH-GMB, Doc. 65, pp. 26-30) (citing *United States v. Ochoa*, 941 F.3d 1074, 1100 (11th Cir. 2019)).  The United States immediately filed a new complaint against Mr. Dothard, and a grand jury returned the indictment in this case on June 28, 2023.  (Docs. 1, 4).

Mr. Dothard argues that the speedy-trial clock should not start fresh in this case because the Hobbs Act and brandishing charges against him in this case are identical to the charges in the 2020 case and are "for the same event and offense: robbery of a Shell station." (Doc. 11, p. 4).  To support his argument, Mr. Dothard cites cases in which the Eleventh Circuit has held, pursuant to 18 U.S.C. § 1361(h)(5), that when the government dismisses or supersedes an indictment and

2

brings a charge against the defendant for an offense that was charged in the original indictment, the new or superseding indictment does not restart the speedy-trial clock. (Doc. 11, pp. 4-6) (citing *United States v. Young*, 528 F.3d 1294 (11th Cir. 2008), and *United States v. Jones*, 601 F.3d 1247 (11th Cir. 2010)).  In *Young*, the Eleventh Circuit Court of Appeals explained that "if the government indicts a defendant for a particular crime, dismisses that charge, and indicts the defendant once again for the same offense, the speedy-trial calculation begins with the *initial* indictment or arraignment but excludes the time between the dismissal and subsequent re-indictment."  *Young*, 528 F.3d at 1295-96 (emphasis in *Young*).  "'Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment; so both events should be treated equally under the Act.'" *Young*, 528 F.3d at 1296 (quoting *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994)).  "Therefore, neither the [government's] filing of a superseding indictment, nor the dismissal of an original indictment followed by the filing of a new indictment, resets the speedy-trial clock" because it "would make little sense if the government could reset the speedy-trial clock at will[.]"  *Young*, 528 F.3d at 1296; *see also Jones*, 601 F.3d at 1254 ("New charges added by a superseding indictment do not reset the speedy-trial timetable for offenses either charged in the original indictment or required under double jeopardy principles to be joined with such charges.").

The rule stated in *Young* and *Jones* does not help Mr. Dothard because he – the defendant – asked the Court to dismiss the 2020 indictment against him, and the Court granted his motion to dismiss. (Case No. 20-cr-147-MHH-GMB, Doc. 65). Under 18 U.S.C. § 1361(d)(1), "the speedy-trial clock is reset" after "the dismissal of 'any indictment or information . . . upon motion of the defendant[.]'" *Young*, 528 F.3d at 1297 (quoting 18 U.S.C. § 1361(d)(1)). The Court recognizes that after Mr. Dothard filed his motion to dismiss the 2020 indictment, (Case No. 20-cr-147-MHH-GMB, Doc. 59), the government moved to dismiss the 2020 indictment, (Case No. 20-cr-147-MHH-GMB, Doc. 61). The government did so because Mr. Dothard asked the Court to dismiss the charges against him with prejudice, (Case No. 20-cr-147-MHH-GMB, Doc. 59, p. 2); the government asked the Court to dismiss the charges without prejudice, (Case No. 20-cr-147-MHH-GMB, Doc. 61). The Court granted Mr. Dothard's motion, though the Court dismissed without prejudice, and found that the government's motion to dismiss was moot, (Case No. 20-cr-147-MHH-GMB, Doc. 61, p. 37). Therefore, because the Court dismissed the 2020 indictment "upon motion of the defendant," under 18 U.S.C. § 1361(d)(1), the speedy-trial clock began anew in this case.

Moreover, in *Young* and in *Jones*, the government superseded an indictment before the speedy trial clock expired. Therefore, in both cases, time remained on the speedy trial clock when the government recharged the offenses at issue. *Young*, 528

4

F.3d at 1295 (approximately 10 days remained on the speedy trial clock when the grand jury returned the superseding indictment "[a]pproximately two months" after the original indictment); *Jones*, 601 F.3d at 1255 (approximately 48 days remained on the speedy-trial clock when the grand jury returned the superseding indictment on December 13, 2007, 22 days after the clock began to run on November 21, 2007). Here, the speedy trial clock expired before Mr. Dothard and the government filed their motions to dismiss. Consequently, the Court had to determine whether to dismiss the 2020 indictment for the statutory violation with or without prejudice. (Case No. 20-cr-147-MHH-GMB, Doc. 65, pp. 26-27) (citing *Ochoa*, 941 F.3d at 1100). The Court explained its reasons for exercising its discretion to dismiss the charges against Mr. Dothard without prejudice, stating:

> Mr. Dothard's May 28, 2020 indictment provides the starting point for the 70-day speedy trial calculation under § 3161(c)(1) because Mr. Dothard was arrested, initially appeared before a magistrate judge, and was held in custody on the federal complaint before a grand jury indicted him. (April 18, 2023 hearing); s*ee also United States v. Hernandez*, 724 F.2d 904, 905 (11th Cir. 1984) (explaining that when a defendant "is arrested prior to the indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the seventy-day pretrial period runs from the date of his indictment"). The 70-day clock did not begin running on May 28, 2020 because the COVID-19 General Order suspended the 70-day clock until that order expired on June 17, 2020. The speedy trial clock began to run on June 18, 2020 and continued to run through August 17, 2020. The Court can find no statutory basis to toll any of this time. As of August 17, 2020, a total of 60 days had run on the 70-day speedy trial clock.

5

The speedy clock stopped on August 18, 2020 because Mr. Dothard's attorney filed an unopposed motion to extend deadlines pursuant to § 3161(h)(1)(A) and (h)(7)(A), to address concerns about Mr. Dothard's mental health. On August 19, 2020, the magistrate judge entered an "ends of justice" order containing the required statutory findings. The magistrate judge excluded from the 70-day clock all time between the filing of the motion on August 18, 2020 and November 30, 2020. (Doc. 18). The 70-day trial clock began to run again on December 1, 2020 and continued to run through December 10, 2020 when the clock expired. Because the trial clock expired on December 10, 2020, and Mr. Dothard has not been tried yet on the charges in the indictment, the Court must dismiss the indictment.

Under the Speedy Trial Act, a district court has discretion to dismiss an indictment with or without prejudice. *United States v. Ochoa*, 941 F.3d 1074, 1100 (11th Cir. 2019). In exercising this discretion, a district court "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances that led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

Mr. Dothard acknowledges that the offenses against him are serious. (Doc. 62, p. 1). The statutory maximum for a Hobbs Act Robbery conviction is 20 years imprisonment. 18 U.S.C. § 1951(a). The mandatory minimum for brandishing a firearm in relation to that robbery is seven years imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii). These penalty provisions underscore the seriousness of the offenses. *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) ("The district court correctly determined that the statutory minimum sentence of ten years of imprisonment reflects the seriousness of Knight's offense."). This seriousness of offense factor weighs in favor of dismissing the indictment in this case without prejudice.

So do the facts and circumstances surrounding the Speedy Trial Act violation. Shortly after the 70-day clock expired, on December 15, 2020, Mr. Dothard was arraigned on the indictment. Just under one month later, because of a surge in COVID cases, the Court entered an "ends of justice" order and continued the trial until April 19, 2021.

In the interim, Mr. Dothard filed a *pro se* motion in which he asked the Court to appoint a new attorney to represent him. His attorney also filed a motion to withdraw. (Docs. 29, 30). Following a hearing on the motions on March 22, 2021, the Court ordered Mr. Dothard to submit to a psychiatric evaluation pursuant to 18 U.S.C. § 4241 to determine his competency to stand trial. (March 22, 2021 minute entry; Doc. 32). The pandemic delayed Mr. Dothard's evaluation as did Mr. Dothard's attorney's attempt to obtain state records to assist in the evaluation. (Doc. 33, 34). Following the evaluation, Mr. Dothard was committed to the custody of the Attorney General for hospitalization for restoration for up to four months. (Doc. 44). Again, because of delays created by the pandemic, Mr. Dothard did not reach a treatment facility until July 2022. (Sealed Doc. 45). Mr. Dothard was restored to competency, and on December 12, 2022, the magistrate judge ordered the U.S. Marshal to begin the process of returning Mr. Dothard to this district. (Doc. 48). When Mr. Dothard returned to this district, the magistrate judge addressed Mr. Dothard's motion for appointment of new counsel and Mr. Dothard's attorney's motion to withdraw. On February 7, 2023, the magistrate judge appointed a CJA attorney to represent Mr. Dothard. (Doc. 52). On February 26, 2023, counsel for the parties stipulated to Mr. Dothard's competency to stand trial. (Doc. 56). Two weeks later, Mr. Dothard moved to dismiss the indictment. (Doc. 59).

These proceedings demonstrate that the government was not responsible for the delays that led to the violation of the speedy trial clock. The COVID-19 pandemic caused significant delays in Mr. Dothard's mental health evaluation and restoration. Had it not been for those delays, his case would have been ready for trial much sooner. Trial was not an option until Mr. Dothard's mental health could be evaluated and addressed. Because the delays in this case were beyond the parties' control, the circumstances leading to dismissal do not warrant dismissal with prejudice.

With respect to the administration of justice, Mr. Dothard has suffered some prejudice because of the speedy trial violation. Mr. Dothard asserts that he "has been very depressed, anxious, worried, [and] concerned" during his prolonged custody on these charges. (Doc. 62, p. 3; *see also* April 18, 2023 hearing). The Court does not discount these feelings, but they are not adequate to require dismissal with prejudice without more. Mr. Dothard points out that his attorney cannot

7

return to the scene of the alleged robbery at the Shell gas station because the station has been demolished, but the demolition affects Mr. Dothard and the government equally; neither has access to the scene of the alleged crime to prepare the case for trial. *See United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) (finding in the Sixth Amendment right to a jury trial context that delay can be a "two-edged sword" because the government bears the burden to prove criminal charges against a defendant beyond a reasonable doubt). Mr. Dothard recognizes that the government has produced video surveillance evidence from the Shell gas station. This evidence mitigates prejudice caused by Mr. Dothard's inability to visit the gas station. Therefore, though the administration of justice factor is most helpful to Mr. Dothard, the factor is not sufficiently compelling to warrant dismissal with prejudice.

Having considered the three factors in § 3162(a)(2), the Court dismisses the indictment in this case without prejudice.

(Case No. 20-cr-147-MHH-GMB, Doc. 65, pp. 25-30).

In its opinion regarding Mr. Dothard's motion to dismiss, the Court noted that the government "should have monitored the trial clock and asked the Court to make an ends-of-justice finding before the clock expired," but the Court did not believe that the government's failure to act warranted dismissal with prejudice because the Court was "not aware of evidence that suggest[ed] that the United States understood that the clock had expired and remained silent." (Case No. 20-cr-147-MHH-GMB, Doc. 65, p. 29 n. 11). Mr. Dothard's argument that the speedy-trial clock should not restart in this new case is tantamount to arguing that a district court should not have discretion to dismiss an indictment without prejudice. The Eleventh Circuit's decisions in *Ochoa* and *United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir. 1984), foreclose the argument.

Accordingly, the Court denies Mr. Dothard's motion to dismiss the indictment in this case under the Speedy Trial Act.

For his alternative due process argument regarding the new gun charge in count three, Mr. Dothard argues that the government added the felon in possession charge to the indictment in this case to punish him for pursuing dismissal of the 2020 indictment under the Speedy Trial Act.  (Doc. 11, p. 6).  When the government re-indicts a defendant and adds new charges "that increase the potential penalty," the government "violate[s] due process if the prosecutor obtained the new charges out of vindictiveness." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006). "Vindictiveness in this context means the desire to punish a person for exercising his rights." *Barner*, 441 F.3d at 1315.  "A prosecutor's decision to seek heightened charges after a defendant successfully appeals his conviction for the same conduct is presumed to be vindictive." *Barner*, 441 F.3d at 1315-16.  Pretrial, a presumption of vindictiveness attaches only if the defendant can establish a "'realistic likelihood of vindictiveness.'" *Barner*, 441 F.3d at 1317 (quoting *United States v. Wilson*, 262 F.3d 305, 213 (4th Cir. 2001)).  When a defendant is not entitled to a presumption of vindictiveness, the defendant must demonstrate actual vindictiveness to establish a due process violation. *Barner*, 441 F.3d at 1317.

Here, Mr. Dothard can demonstrate that he exercised a protected right when he moved to dismiss the 2020 case against him for a violation of the Speedy Trial

9

Act, and he can demonstrate that his "exercise of pre-trial rights was followed by charges of increased severity." *Barner*, 441 F.3d at 1317. In the 2020 case, Mr. Dothard faced a maximum 20-year sentence for Hobbs Act robbery. (Case No. 20-cr-147-MHH-GMB, Doc. 65, p. 27) (citing 18 U.S.C. § 1951(a)). If the government can prove the felon-in-possession charge against Mr. Dothard and prove that he has three previous convictions for the violent felonies identified in the indictment, (Doc. 4, pp. 3-4), then he faces a mandatory minimum sentence of 15 years and a maximum sentence of life in prison. *United States v. Morales*, 893 F.3d 1360, 1366 (11th Cir. 2018) ("Under [18 U.S.C.] § 924(e)(1), the statutory minimum penalty was 15 years . . . imprisonment and the statutory maximum was life imprisonment.").

Still, in his motion, Mr. Dothard falls short of establishing a pretrial presumption of vindictiveness because he has not identified "special facts" or "compelling factors" that would cause the government to add the gun charge to punish him for exercising his rights under the Speedy Trial Act. *Barner*, 441 F.3d at 1320, 1321. As the Eleventh Circuit stated in *Barner*, a prosecutor can supersede an indictment any time before trial. Here, the government could have superseded the 2020 indictment to add a § 922(g) charge, but after Mr. Dothard was restored to competency in a BOP facility, he moved to dismiss the 2020 indictment two weeks after he returned to this district and counsel for the parties stipulated to his competency to stand trial. (Case No. 20-cr-147-MHH-GMB, Doc. 65, p. 28).

10

Therefore, the government did not have time to present a superseding indictment to a grand jury after Mr. Dothard's competency was restored, and the government reasonably opted not to seek a superseding indictment while Mr. Dothard's competency to proceed was in doubt. Under these circumstances, Mr. Dothard is not entitled to a pretrial presumption of vindictiveness.

In his motion to dismiss, Mr. Dothard did not attempt to establish actual vindictiveness. Therefore, the Court will deny his motion to dismiss count three for a due process violation.[1]

For the reasons discussed in this order, the Court denies Mr. Dothard's motion to dismiss. The Clerk of Court shall please TERM Doc. 11.

**DONE** and **ORDERED** this November 8, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] In its response to Mr. Dothard's motion, the government identified reasons for delay in bringing a § 922(g) charge against Mr. Dothard in 2020. (Doc. 13, pp. 9-10). Mr. Dothard did not file a reply brief. (Doc. 12, briefing schedule). Because Mr. Dothard has not attempted to establish actual vindictiveness, the Court will not examine the government's stated reasons in this order. The Court denies Mr. Dothard's motion to dismiss count three for a due process violation without prejudice to Mr. Dothard renewing the motion if he develops evidence of actual vindictiveness.